UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                **VERIFIED COMPLAINT**
------------------------------------------X
ROBERTO CRUZ, an infant by his mother
and natural guardian, YAQELIN RIVERA,        CV#
and YAQELIN RIVERA, Individually,

                              Plaintiffs,            TRIAL BY JURY DEMAND

    -against-

LUIS A. CASTRO and THE UNITED STATES OF
AMERICA,

                              Defendant.

------------------------------------------X

Plaintiffs, by their attorneys, TROLMAN, GLASER & LICHTMAN, P.C., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## **JURISDICTION**

1. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1346, 1402, 2671, 2672, 2674, 2675, 2679, and 2680, this being an action authorized by law under the Federal Tort claims Act.

2. The jurisdiction of this particular federal District Court, in the Southern District of New York, is invoked under 28 U.S.C. Section 1402(2)(b), because it is the district within which the hereinafter discussed incident took place.

3. On or about the 19th day of July, 2004, and within two years from the time the causes of action arose, the claims as set forth herein were presented to the appropriate federal agency, THE UNITED STATES POSTAL SERVICE, pursuant to 28 U.S.C. Section 2675.

4. More then six months have passed since the filing of said claims and to date there has been no settlement or acceptance of the claims by the above mentioned agency. Said agency has issued a disposition of this claim, that disposition being in the form of a denial.

5. On or about January 13, 2005, a formal reconsideration of the claims set forth herein was filed with THE UNITED STATES POSTAL SERVICE pursuant to 39 C.F.R. Section 912.9(b). Said agency has issued a final disposition of this claim on January 24, 2005, that disposition being in the form of a denial.

6. Thus, this action is being commenced against the defendants pursuant to 28 U.S.C. Section 2401(b).

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF INFANT PLAINTIFF ROBERTO CRUZ**

7. That at all times hereinafter mentioned, the plaintiff, YAQUELIN RIVERA, was and still is a resident of the County, City and State of New York.

8. That plaintiff YAQUELIN RIVERA, is the mother and natural guardian of infant plaintiff, ROBERTO CRUZ, and as such, plaintiff YAQUELIN RIVERA was and still is authorized to commence, maintain and continue this action on behalf of the infant plaintiff, ROBERTO CRUZ.

9. That at all times hereinafter mentioned, the infant plaintiff, ROBERTO CRUZ, was and still is a resident of the County, City and State of New York.

10. That at all times hereinafter mentioned the defendant LUIS A. CASTRO was a resident of the City and State of

New York.

11.  The UNITED STATES POSTAL SERVICE was and is a Federal Agency of the defendant, THE UNITED STATES OF AMERICA.

12.  That at all times hereinafter mentioned, and upon information and belief, the defendant, THE UNITED STATES OF AMERICA, its agents, servants and/or employees operated, maintained and controlled the UNITED STATES POSTAL SERVICE, including all the agents, servants and/or employees thereat, including defendant, LUIS A. CASTRO

13.  That at all times hereinafter mentioned, and upon information and belief, the defendant, THE UNITED STATES OF AMERICA, through its agency, THE UNITED STATES POSTAL SERVICE, owned a certain motor vehicle bearing U.S. vehicle registration number, 6510436 for the year 2004.

14.  That at all times hereinafter mentioned, and upon information and belief, the defendant, LUIS A. CASTRO, operated and controlled the motor vehicle bearing U.S. vehicle registration number 6510436.

15.  That at all times hereinafter mentioned, and upon information and belief, the defendant, LUIS A. CASTRO, operated and controlled the aforesaid motor vehicle with the knowledge, permission and consent of the defendant, THE UNITED STATES OF AMERICA as an agent, servant and/or employee of its agency, THE UNITED STATES POSTAL SERVICE.

16.  That at all times hereinafter mentioned defendant, LUIS A. CASTRO, was acting within the scope of his employment for

the defendant, THE UNITED STATES OF AMERICA as an agent, servant and/or employee of its agency, THE UNITED STATES POSTAL SERVICE.

17. That at all times hereinafter mentioned, the infant plaintiff, ROBERTO CRUZ, was a bicyclist operating his bicycle upon Baruch Drive at or near its intersection with East Houston Street, County, City and State of New York.

18. That at all times hereinafter mentioned, Baruch Drive at or near the intersection of East Houston Street, in the County, City and State of New York, was and still is a public highway used extensively by the public in general.

19. That on or about June 16, 2004, the aforesaid motor vehicle came in contact with the infant plaintiff.

20. That the aforesaid collision and injuries resulting therefrom, were due solely and wholly as a result of the careless and negligent manner in which the defendants operated and controlled their motor vehicle, without this infant plaintiff in any way contributing thereto.

21. That by reason of the foregoing and the negligence of the said defendants, the infant plaintiff sustained serious, severe, and permanent injuries to his head, limbs and body, still suffers and will continue to suffer for some time, great physical and mental pain and serious bodily injury; became sick, sore, lame and disabled and so remained for a considerable length of time.

22. That this action falls within the exception as set forth within CPLR Section 1602, including but not limited to CPLR Section 1602 (6).

23. That by reason of the wrongful, negligent and

unlawful actions of the defendants, as aforesaid, the infant plaintiff, ROBERTO CRUZ, sustained serious injuries as defined in the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in said Insurance Law.

24. That by reason of the foregoing and the negligence of the said defendants, this infant plaintiff, ROBERTO CRUZ, is informed and verily believes the aforesaid injuries are permanent and he will permanently suffer from the effects of his aforesaid injuries and he will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

25. That by reason of the foregoing, this infant plaintiff, ROBERTO CRUZ, was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and treatment and upon information and belief, the infant plaintiff, ROBERTO CRUZ, will necessarily incur similar expenses in the future.

26. That by reason of the foregoing, the infant plaintiff, ROBERTO CRUZ, has been unable to attend to his usual activities of daily living, occupation and avocation in the manner required.

27. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the infant plaintiff, ROBERTO CRUZ, was severely injured, bruised and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable

length of time.

28. That as a result of the defendants negligence as aforesaid, this infant plaintiff, ROBERTO CRUZ, has been damaged in the sum of THREE MILLION DOLLARS ($3,000,000.00).

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF YAQUELIN RIVERA**

29. That at all times hereinafter mentioned, plaintiff, YAQUELIN RIVERA, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint enumerated "1" through "28" herein, as though more fully set forth herein at length.

30. That at all times herein mentioned the plaintiff, YAQUELIN RIVERA, was the mother and natural guardian of the infant, ROBERTO CRUZ, and as such mother and natural guardian, was and still is entitled to the aid and services of the said infant and further, was and still is and will in the future be obligated to pay for the hospital expenses, medical expenses and related expenses and attention on behalf of the said infant, ROBERTO CRUZ.

31. That at all times hereinafter mentioned, plaintiff, YAQUELIN RIVERA, was entitled to the society and services of said infant plaintiff, ROBERTO CRUZ.

32. That by reason of the foregoing, the infant, ROBERTO CRUZ, became sick, sore and disabled; sustained grievous personal injuries to various parts of his body; suffered and will continue to suffer great pain and anguish in body and mind; received necessary hospital care and attention; has received, is receiving and will continue to receive necessary medical care and

treatment in an endeavor to heal said injuries, and for which expenses have, are and will continue to be incurred; that he has been rendered unable to attend to his duties as he had theretofore done; and the plaintiff, YAQUELIN RIVERA, was, presently is and will in the future be deprived of the aid and services of the said infant; that the plaintiff was, is and will in the future be required to incur great and continuing expense for such hospital care/medical care and related attention on behalf of the said infant, all to this plaintiff's great damage in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS together with the costs and disbursements of this action.

WHEREFORE, infant plaintiff, ROBERTO CRUZ, demands judgment against the defendants in the sum of THREE MILLION ($3,000,000.00) Dollars, on the First Cause of Action; Plaintiff, YAQUELIN RIVERA, demands judgment against the defendants in the sum of FIVE HUNDRED THOUSAND ($500,000.00) Dollars on the Second Cause of Action; together with costs and disbursements of this action.

Dated:     New York, New York
           May 23, 2005
                              Yours, etc.

                              _____
                              MICHAEL A. MADONNA (MM2965)
                              TROLMAN, GLASER & LICHTMAN, P.C.
                              Attorneys for Plaintiffs
                              777 Third Avenue - 35th Floor
                              New York, New York 10017
                              212-750-1200
                              Our File No. 10089104

## ATTORNEY'S VERIFICATION

**MICHAEL A. MADONNA**, being an attorney duly licensed to practice law in the State of New York, being a member of, TROLMAN, GLASER & LICHTMAN, P.C, attorneys of record for the plaintiff hereby affirms the truth of the following statements all under penalty of perjury:

That affirmant has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true, and the reason that this verification is not made by plaintiffs and is made by affirmant is that plaintiffs are not presently in the County of New York wherein affirmant maintains his office.

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said plaintiffs and the file maintained in this office.

DATED:   New York, New York
         May 23, 2005

                    _____
                    MICHAEL A. MADONNA (MM2965)